CASE 72—INDICTMENT—DECEMBER 8, 1883.

# Cummins v. The Commonwealth.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. Where an indictment charges a conspiracy, and the proof sustains the allegation, a co-defendant will not be permitted to testify in behalf of the defendant on trial.
2. The evidence fully sustains the charge of a conspiracy.
3. There is no evidence in the case to authorize an instruction in regard to the law of manslaughter.

R. K. SMITH FOR APPELLANT.

The court erred in refusing to admit the evidence of Snodgrass and Smith in behalf of appellant.

No conspiracy is sufficiently charged in the indictment.

No conspiracy is proved by appellee. The court erred in refusing to instruct as to manslaughter. (Forst v. Hays, 9 B. Mon., 362; Thompson v. Commonwealth, 1 Met., 14; Hudson v. same, 2 Duv., 531; Jones v. same, *Ib.*, 554; Butler's Grammar, 79; Harvey's *Ib.*, 70; Crim. Code, secs. 2 and 4, 262–263; Const. Ky., art. 13, sec. 12; Mietley v. Commonwealth, 9 Bush, 593; Gallaway v. Commonwealth, MS. opin., Oct., 1883; Myers v. Baker, Hardin, 544; Becker v. Crow, 7 Bush, 204; 12 Conn., 201; 25 Ill., 17; 4 Mich., 414.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

Upon the facts proved the court properly refused to instruct as to manslaughter. There is nothing upon which to base it.

The conspiracy is amply charged and proven, and therefore the court properly refused to let appellant's co-defendants testify for him.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

We have seldom read a record where a conviction has been had with fewer mitigating circumstances than the one before us. The parties entered the residence of the deceased, where his friends and neighbors were enjoying his hospitality, and, without the slightest provocation, the appellant began to flourish his knife and make other demonstrations, evincing his intention to take possession and end the pleasures of the young people who, by invitation, had gone to the house of the deceased. All but the accused

and his company were there because the deceased wanted them, and it may be that the accused and his friends were provoked at not being invited. They went into the unfortunate man's home in a drunken condition, and evidently with the design of breaking up the party. Pistols and knives were in their possession, and all of them ready to use them upon the slightest interference with their designs. The deceased saw their condition, and was standing in the door of his house after Smith had been ejected, entreating them to behave, and return to the room and participate in the enjoyments; and while extending his hospitality in this manner, after such cruel treatment, the crack of the pistol is heard, *and Myers* falls dead in the arms of his wife.

There is no palliation or excuse for the murder, and whether Cummins shot or Weaver is immaterial; they are equally guilty. The proof conduced to show that Cummins fired the pistol, and this is strongly corroborated from the fact that he entered the room' with knife in hand, having then a murderous intent, without the slightest excuse. He was the leader of the gang, and while Weaver hung himself the next day, declaring beforehand that he fired the shot, still the proof conduces to show that the accused was the guilty party. The question of fact was with the jury, and what Weaver said about it was properly excluded. The co-conspirators were offered as witnesses to prove that there was no conspiracy, and that Weaver shot. The proof that they were together, and united in breaking up the party and taking this man's life, is conclusive, and the court properly excluded their testimony.

Smith, one of the conspirators, as soon as he reached the house of Myers, took McGee Freese to one side and told him that he was going to raise hell there. Cummins, the

accused, then came up, yelling and cursing,. jumped into the house with a knife in his hand, saying hands off, or he would cut hell out of the first man that laid hands on him. Snodgrass was standing at the door cursing. These are the parties who were proposed to be introduced as witnesses for the defense, and who are jointly indicted with the accused, it being alleged in the indictment that they conspired to take the life of the deceased.

There are other facts showing a purpose on the part of these parties to invade the home of the deceased and assume control of the party; and whether the proper avowal has or has not been made as to what the parties would prove, the facts of the record present such a state of case as authorized the court to exclude them as witnesses. Smith and Snodgrass were both at the door when deceased was shot. They were then being invited in by Myers, he telling them that he was their friend; but instead of coming in, they would push first one and then the other into the door, and in their drunken condition took that man's life in the door of his own house and in the presence of his family, without excuse, justification, or provocation, and in the *midst* of the poor man's entreaties to behave themselves and enjoy, if they desired, the hospitality of his humble home. There is nothing in the case authorizing an instruction based on voluntary manslaughter.

The judgment below is affirmed.