## YOUNG SMITH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—768.]

**Criminal Law Instructions.**

Where under an indictment for murder the evidence shows that the defendant was injured by a blow at a dance, without assaulting any one and having no weapon, and when put out of the hall may have been laboring under sudden heat and passion, that might have

lessened his offense, it was error for the court not to have instructed the jury as to the law of manslaughter.

APPEAL FROM BRACKEN CIRCUIT COURT.

March 27, 1884.

OPINION BY JUDGE PRYOR:

This indictment is similar to the indictment in the case of *Cummins v. Commonwealth,* 81 Ky. 465, 6 Ky. L. 32. The charge of a conspiracy having been made in the indictment and sustained by the proof, the court did not err in excluding the coconspirators as witnesses. There is evidence conducing to show a fixed purpose on the part of these parties charged to break up or control the social dance that was going on at the house of Myers on the night the killing took place. Smith announced his purpose to play hell that night, but there is no evidence of any hostile demonstration after he entered the room except the altercation he had with the deceased. Smith seems to have been hit upon the head during the affray, and when put out at the door may have been laboring under sudden heat and passion that might under the circumstances have lessened his offense. Cummins entered the house with murderous intent, and seems never to have abandoned that purpose, and while Smith may have entered with a like intent it is a question the jury must determine and not the court; yet it is certain that no such demonstration was made by him or any weapon used that would evince such an intent except the facts conducing to show that he was aiding Cummins to accomplish his purpose.

The jury after hearing all the testimony in the case against Smith returned into court with the inquiry as to their right to find the accused guilty of a less offense, showing a doubt in their minds as to his being guilty of murder. They were told by the court that under the instructions they could not lessen the punishment.

The conviction of Smith was upon the idea that he was maliciously aiding and abetting those who actually did the killing, and having himself been injured by a blow, without assaulting any one and having no weapon in his possession, the jury might have concluded that the part he took in the affray was caused by sud-

den heat and passion, and therefore the instruction in his case as to manslaughter should have been given. The judgment is therefore *reversed* and cause remanded with directions to award a new trial.

R. K. Smith, for appellant.

P. W. Hardin, for appellee.